**DEUTSCH et al. v. FELTON et al.**
No. 8595.

District Court, E. D. New York.
May 19, 1939.

Morton A. Roth, of New York City (Max Chertok, of New York City, of counsel), for plaintiffs.

Kaufman & Weitzner, of New York City (Milton S. Gould, of New York City,

of counsel), for defendants Charles R. Miller et al.

Murray B. Felton, of New York City, in pro per.

MOSCOWITZ, District Judge.

This is an action by the plaintiffs for an injunction restraining the defendants from violating a copyright owned by them. The action was dismissed at the trial on plaintiffs' motion as to defendants other than the defendant Murray Felton.

The plaintiffs are the owners of a certain chart and a certain copyright attached thereto entitled "Character is Written into Handwriting and with this Chart you can Read It (Graphology Chart) by A. Dolph Dean (Adolph M. Deutsch) of United States." The plaintiffs duly secured said copyright for the chart by the publication of said chart on October 27, 1932.

No evidence was adduced on this trial of any prior use. The copyright is in every respect valid. The Circuit Court of Appeals for this Circuit in the case of Deutsch et al. v. Arnold et al., 2 Cir., 98 F.2d 686, dealing with this copyright, decided on July 25, 1938, it was valid.

Plaintiffs have sold their chart covered by the copyright at many of the leading department stores in the United States and in the principal amusement centers in the United States and Canada and have a substantial business from these charts.

Plaintiffs' chart consists of a paper at the top of which is a number and copyright notice. The following brief explanation on how to use the chart appears on the chart: "Compare any handwriting you wish to analyse with each style of handwriting shown below. As you find the similarity, read the meaning directly underneath. Thus by going thru the entire list, you will have a well rounded, accurate character reading. The degree of strength or weakness is emphasized according to the number of times the various characteristics appear."

The remainder of the chart is arranged in twenty-two subdivisions, each of these subdivisions has a reading such as "round", "pointed", "size", "open", "closed", etc. Underneath each reading appears specimens of handwriting, underneath these are words of description. For example, in the first box toward the right there appears the word "pointed", underneath that word appears a specimen of handwriting "tips of letters are mostly pointed", underneath that are the following words of description, "Very active", "Quick thinker", "Initiative", "Self confidence", "Self esteem", "Irritable". Each of the twenty-two subdivisions are arranged in the same order, except that they contain a different word at the top. In the example given the word "pointed" has been used. Underneath the word at the top is a specimen of handwriting and underneath the handwriting appear words of description.

Plaintiffs in their memorandum describe the use of the chart as follows:

"The analyzer has before him a given specimen of writing and the chart with its 22 classifications. He proceeds to select those sub-divisions of the chart which apply to the sample and checks such sub-divisions in order to get his character analysis. By this method he eliminates all sub-divisions, that do not apply to that given specimen.

"As for example:

"The analyzer regards each sub-division of the chart and he determines that the writing is 'round' as opposed to 'pointed', he checks 'round'. He further regards the chart and should he find that the letters are 'large' as opposed to 'small' he will check 'large'. He will so proceed through the entire 22 sub-divisions and thereby will have completed his analysis.

"In the event that the analyzer is in doubt as to the particular classification that his writing falls under, the chart further aids him by illustrations in each sub-division of the styles described by the sub-division heading."

There can be no question that the lower portion of the defendant's chart infringes plaintiffs' copyright. Defendant had constant access to plaintiffs' chart since the date of copyright, and was fully familiar with it, and apparently copies the subject matter of plaintiffs' chart. In some instances he has changed the words but their meanings are the same. The infringement of plaintiffs' copyright is clear and deliberate.

It is of interest to note that neither the plaintiffs nor the defendant claim the examination of handwriting to determine the character and habits of individuals has the slightest scientific value or any basis in fact. Thousands of these charts are sold, some to the gullible and some to others for amusement purposes.

Plaintiffs are entitled to a decree.

Settle findings and decree on notice.